### GRIFFITH v. GREEN et al.

*(Supreme Court, General Term, Second Department. February 11, 1891.)*

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS.
   In an action to subject the stockholders of a corporation to liability for corporate debts, on the ground that no proper certificate of certain increased stock issued by the company was ever filed, it appeared that the original stock, and an increase thereof, up to $70,000, had been fully paid, and the certificate duly filed. *Held*, that the burden was on plaintiff to show that defendants' stock was increased stock of an issue subsequent to the first $70,000.

2. SAME—LIMITATION OF ACTION.
   An action against a corporation on notes given by it is not an action on the debts for which the notes were given, within the meaning of the New York statute requiring such action to be brought within one year in order to render the stockholders liable therefor.

Appeal from special term, Dutchess county.

Action by Silas L. Griffith against Andrew H. Green and others, as executors of W. B. Ogden, deceased. There was a judgment for defendants, and plaintiff appeals.

Argued before DYKMAN and PRATT, JJ.

*A. M. & G. Cord*, for appellants. *Dixon, Williams & Ashley*, for respondents.

DYKMAN, J. This action was brought by a creditor of the Millerton Iron Company, a trading corporation formed under the laws of this state, which provide for the organization of mining and manufacturing companies. The object of the action is to enforce the personal liability of the stockholders for the debt of the corporation. The ground on which the liability is sought to be enforced is that no proper certificate of the payment in full of certain increased stock issued by the company was ever filed. It was conceded, however, that the original stock of the company, and the increase thereof, up to $70,000, was fully paid, and the certificate duly filed, and the trial judge so found; and he also found that no proof was given as to whether any of the stock held by the defendants was increased stock; and he decided, as a conclusion of law, that the burden of proof rested upon the plaintiff to show that the stock of the defendants was increased stock of an issue subsequent to the issuance of the first $70,000 of stock. This last conclusion is fully sustained by the case of *Veeder* v. *Mudgett*, 95 N. Y. 295, and seems to be decisive of this case. We also concur with the conclusion of the trial judge that the suit

against the company upon the notes was not an action for the collection of the debt, such as the statute contemplates. *Parrott* v. *Colby,* 6 Hun, 55, 71 N. Y. 597. The judgment should be affirmed, with costs.